Neil W. Thomson, (#010488)
neil@thomson-esq.com
THOMSON ESQ, PLC
3033 N. Central Avenue
Suite 810
Phoenix, Arizona 85012
Telephone: 602.422.9200
Facsimile: 602-442.9201
*Attorneys for Defendants Richard and Sharon Wright and David Guarino*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Nickolas, derivatively on behalf of The Alkaline Water Company, Inc., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>Richard Wright and Sharon Wright, husband and wife; David Guarino and Jane Doe Guarino, husband and wife.<br><br>Defendants,<br><br>and<br><br>The Alkaline Water Company, Inc., a Nevada corporation;<br><br>Nominal Defendant. | Case No. 2:19-cv-04937-DJH<br><br>**ANSWER OF DEFENDANTS WRIGHT AND GUARINO TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants Richard Wright and David Guarino (collectively "Defendants") for their Answer to the First Amended Verified Derivative Complaint ("FAC") filed by Plaintiff Steven Nickolas ("Nickolas") hereby admit, deny, and allege as follows:

**Parties, Jurisdiction, and Venue**

1. Responding to FAC Paragraph 1, Defendants admit the allegations set forth therein.

2. Responding to FAC Paragraph 2, Defendants admit the allegations set forth therein

3. Responding to FAC Paragraph 3, Defendants admit that Richard and Sharon Wright are husband and wife and residents of Maricopa County and deny all remaining allegations as set forth in Paragraph 3.

4. Responding to FAC Paragraph 4, Defendants admit that David Guarino is a resident of Maricopa County but deny all remaining allegations as set forth in Paragraph 4.

5. Responding to FAC Paragraph 5, Defendants admit that co-defendant Alkaline Water removed this action to this Court on August 12, 2019, on the basis that Nickolas has alleged claims that give rise to federal question jurisdiction. Defendants affirmatively allege that Nickolas has not stated claims under the Securities Act of 1933 or the Sarbanes-Oxley Act of 2002 and has not otherwise stated a claim for relief. Defendants deny anything in Paragraph 5 inconsistent with the foregoing.

6. Responding to FAC Paragraph 6, without admitting any of the underlying allegations of the FAC, Defendants admit that venue in this Judicial District is proper. Except to the extent specifically admitted or otherwise alleged in this Paragraph 6 of this Answer, Defendants deny each and every allegation set forth in Paragraph 6 of the FAC.

**Derivative Allegations**

7. Responding to FAC Paragraph 7, Defendants admit that on or about May 29, 2019, Nickolas gave notice to the Board of Directors of Alkaline of allegations against these Defendants. Defendants deny that any "malfeasance and tortious conduct" as alleged in the FAC occurred or was otherwise actionable. Defendants deny all remaining allegations as set forth in Paragraph 7.

8. Responding to FAC Paragraph 8, Defendants deny the allegations set forth therein.

9. Responding to FAC Paragraph 9, Defendants admit the allegations set forth therein.

10. Responding to FAC Paragraph 10, Defendants admit that the allegations set forth therein.

11. Responding to FAC Paragraph 11, Defendants admit that Nickolas has been, at relevant times relevant to this action, a shareholder of Alkaline. Notwithstanding, Defendants deny that Nickolas has standing to bring derivative claims on behalf of Alkaline and specifically denies that Nickolas is a proper plaintiff in this action.

### Allegations Common to All Counts

12. Responding to FAC Paragraph 12, Defendants admit the allegations set forth therein.

13. Responding to FAC Paragraph 13, Defendants admit the allegations set forth therein.

14. Responding to FAC Paragraph 14, Defendants admit that plaintiff has experience in the bottled water and beverage industry.  Except to the extent specifically admitted or otherwise alleged in this Paragraph 14 of this Answer, Defendants deny each and every allegation set forth in Paragraph 14 of the FAC.

15. Responding to FAC Paragraph 15, Defendants admit the allegations set forth therein.

16. Responding to FAC Paragraph 16, Defendants admit the allegations set forth therein.

17. Responding to FAC Paragraph 17, Defendants admit that Nickolas has made the allegations therein in the so-called "Nickolas Personal Action." Defendants affirmatively allege that the allegations are baseless, false, and/or nonactionable, and Defendants deny anything inconsistent with the foregoing.

18. Responding to FAC Paragraph 18, Defendants admit that Nickolas has made the allegations therein in the so-called "Nickolas Personal Action." Defendants affirmatively allege that the allegations are baseless, false, and/or nonactionable, and Defendants deny anything inconsistent with the foregoing.

19. Responding to FAC Paragraph 19, Defendants asserts that the paragraph states a legal conclusion that requires no response. To the extent that a response may be required, Defendants admit that companies with securities registered with the SEC have certain reporting requirements as set out in the statutes and regulations of the SEC. Except to the extent specifically admitted or otherwise alleged in this paragraph 19 of this Answer, Defendants deny each and every allegation of Paragraph 19 of the FAC.

20. Responding to FAC Paragraph 20, Defendants assert that the paragraph states a legal conclusion that requires no response. To the extent that a response may be required, Defendants admit that 17 C.F.R. provides as follows:

> "Describe briefly any material pending legal proceedings, other than ordinary routine litigation incidental to the business, to which the registrant or any of its subsidiaries is a party or of which any of their property is the subject. Include the name of the court or agency in which the proceedings are pending, the date instituted, the principal parties thereto, a description of the factual basis alleged to underlie the proceeding and the relief sought.

Include similar information as to any such proceedings known to be contemplated by governmental authorities."

Except to the extent specifically admitted or otherwise alleged in this paragraph 21 of this Answer, Defendants deny each and every allegation set forth in Paragraph 20 of the FAC.

21. Responding to FAC Paragraph 21, Defendants admit the allegations set forth therein.

22. Responding to FAC Paragraph 22, Defendants admit the allegations set forth therein.

23. Responding to FAC Paragraph 23, Defendants admit the allegations set forth therein.

24. Responding to FAC Paragraph 24, Defendants admit that Part 2 of the 10-Q Report identified an arbitration proceeding between Alkaline and Douglas Horn. Defendants deny that Part 2 of the 10-Q Report purported to list "the only legal proceedings involving [Alkaline] or its officers, directors or affiliates." Defendants affirmatively allege that Part 2 of the 10-Q Report disclosed material legal proceedings.

25. Responding to FAC Paragraph 25, Defendants admit the allegations set forth therein.

26. Responding to FAC Paragraph 26, Defendants admit the allegations set forth therein.

27. Responding to FAC Paragraph 27, Defendants assert that the paragraph states a legal conclusion that requires no response. To any extent the paragraph does require a response, Defendants lack knowledge or information sufficient to form a belief about the truth of any factual allegations set forth in Paragraph 27 and therefore, deny the same.

28. Responding to FAC Paragraph 28, Defendants assert that the paragraph alleges a legal conclusion and as such, no response is required. To any extent the paragraph does require a response, however, Defendants lack knowledge or information sufficient to

4

form a belief about the truth of any factual allegations set forth in Paragraph 28 and therefore, deny the same.

29. Responding to FAC Paragraph 29, Defendants admit that they had knowledge of the so-called "Nickolas Personal Action" and that it was not disclosed in the 10-Q Report. Defendants affirmatively allege that they were not required to disclose the "Nickolas Personal Action" in the 10-Q Report and denies anything inconsistent with the foregoing.

30. Responding to FAC Paragraph 30, Defendants admit the allegations set forth therein.

31. Responding to FAC Paragraph 31, Defendants admit the allegations set forth therein.

32. Responding to FAC Paragraph 32, Defendants admit that the so-called "Nickolas Personal Action" was not disclosed in the referenced 10-Q reports. Defendants affirmatively allege that they were not required to disclose the "Nickolas Personal Action" in those 10-Q reports and denies anything inconsistent with the foregoing.

33. Responding to FAC Paragraph 33, Defendants deny the allegations set forth therein.

34. Responding to FAC Paragraph 34, Defendants deny the allegations set forth therein.

35. Responding to FAC Paragraph 35, Defendants deny the allegations set forth therein.

36. Responding to FAC Paragraph 36, Defendants admit that its stock has at times been traded on an over the counter exchange.  Except to the extent specifically admitted or otherwise alleged in this paragraph 36 of this Answer, Defendants deny each and every allegation set forth in Paragraph 36 of the FAC.

37. Responding to FAC Paragraph 37, Defendants admit that the NASDAQ has certain disclosures which requires as part of the process to be listed and traded on that

exchange.  Except to the extent specifically admitted or otherwise alleged in this paragraph 37 of this Answer, Defendants deny each and every allegation set forth in Paragraph 37 of the FAC.

38. Responding to FAC Paragraph 38, Defendants deny the allegations set forth therein.

39. Responding to FAC Paragraph 39, Defendants deny the allegations set forth therein.

40. Responding to FAC Paragraph 40, Defendants admit that it has at various times issued and sold its registered securities, in compliance with all regulations applicable thereto.  Except to the extent specifically admitted or otherwise alleged in this paragraph 40 of this Answer, Defendants deny each and every allegation set forth in Paragraph 40 of the FAC.

41. Responding to FAC Paragraph 41, Defendants deny the allegations set forth therein.

42. Responding to FAC Paragraph 42, Defendants deny the allegations set forth therein.

43. Responding to FAC Paragraph 43, Defendants deny the allegations set forth therein.

44. Responding to FAC Paragraph 44, Defendants deny the allegations set forth therein.

## Count One

### (Breach of Fiduciary Duty)

45. Responding to FAC Paragraph 45, Defendants reallege and incorporate the admissions, denials, and allegations in paragraphs 1-44 of this Answer as if fully set forth herein.

46. Responding to FAC Paragraph 46, Defendants admit that Wright is an officer and director of Alkaline and owes the fiduciary duties imposed by law related to

6

those roles. Except to the extent specifically admitted or otherwise alleged in this paragraph 46 of this Answer, Defendants deny each and every allegation set forth in Paragraph 46 of the FAC.

47. Responding to FAC Paragraph 47, Defendants admit that Guarino is an officer and director of Alkaline and owes the fiduciary duties imposed by law related to those roles. Except to the extent specifically admitted or otherwise alleged in this paragraph 47 of this Answer, Defendants deny each and every allegation set forth in Paragraph 47 of the FAC.

48. Responding to FAC Paragraph 48, Defendants deny the allegations set forth therein.

49. Responding to FAC Paragraph 49, Defendants deny the allegations set forth therein.

50. Responding to FAC Paragraph 50, Defendants deny the allegations set forth therein.

## Count Two

### (Declaratory Relief)

51. Responding to FAC Paragraph 51, Defendants reallege and incorporate the admissions, denials, and allegations in paragraphs 1-50 of this Answer as if fully set forth herein.

52. Responding to FAC Paragraph 52, Defendants deny the allegations set forth therein.

53. Responding to FAC Paragraph 53, Defendants deny the allegations set forth therein.

54. Responding to FAC Paragraph 54, Defendants deny the allegations set forth therein.

55. Responding to FAC Paragraph 55, Defendants deny the allegations set forth therein.

## Count Three

### (Injunctive Relief)

56. Responding to FAC Paragraph 56, Defendants reallege and incorporate the admissions, denials, and allegations in paragraphs 1-55 of this Answer as if fully set forth herein.

57. Responding to FAC Paragraph 57, Defendants deny the allegations set forth therein.

58. Responding to FAC Paragraph 58, Defendants deny the allegations set forth therein.

59. Responding to FAC Paragraph 59, Defendants deny the allegations set forth therein.

60. Responding to FAC Paragraph 60, Defendants deny the allegations set forth therein.

61. Responding to FAC Paragraph 61, Defendants assert that it does not set forth any allegation that requires a response.

### General Denial and Affirmative Defenses

62. Defendants deny each and every allegation set forth in the FAC not specifically admitted herein.

63. Defendants assert that the FAC fails to state a claim upon which relief may be granted.

64. Defendants assert all affirmative defenses as alleged elsewhere in this Answer.

65. Defendants assert that discovery has not yet begun in this action and requests leave to amend this Answer if facts identified through the course of discovery reveal a basis for pleading any further defenses required to be pleaded affirmatively under Rule 8(c), Federal Rules of Civil Procedure.

8

**Prayer for Relief**

**WHEREFORE**, Defendants Wright and Guarino, and each of them, pray for judgment in its favor and against Nickolas on the claims in the FAC, awarding Defendants the following relief:

A. An order dismissing the FAC and directing that Nickolas take nothing thereby;

B. An award of Defendant's costs incurred herein, in accordance with A.R.S. § 12-341; and

C. Such other and further legal and/or equitable relief as the Court deems just and proper under the circumstances.

DATED this 5th day of August, 2020.

Respectfully submitted,

/s/Neil W. Thomson
Neil W. Thomson
Thomson Esq, PLC
3033 N. Central Ave., Ste. 810
Phoenix, Arizona 85012
Attorney for Defendants Wright and Guarino

| | |
|---|---|
| 1 | **ORIGINAL E-FILED** and **COPY** of the foregoing electronically delivered/mailed |
| 2 | this 5th day August, 2020 to: |
| 3 | |
| | David W. Williams, Esq. |
| 4 | Davis Miles McGuire Gardner, PLLC |
| | 40 E. Rio Salado Parkway |
| 5 | Suite 425 |
| | Tempe, Arizona 85281 |
| 6 | *Attorneys for Plaintiff* |
| 7 | |
| | P. Bruce Converse, Esq. |
| 8 | Bradley A. Burns, Esq. |
| | Amanda E. Newman, Esq. |
| 9 | **DICKINSON WRIGHT PLLC** |
| | 1850 N. Central Avenue, Suite 1400 |
| 10 | Phoenix, Arizona 85004-4568 |
| 11 | *Attorneys for The Alkaline Water Company, Inc.* |
| 12 | |
| | *Neil E. Thomson* |
| 13 | |